UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rafael Montero,<br><br>                    Plaintiff,<br><br>         -v-<br><br>Eric Dorce and Western Express Inc.,<br><br>                    Defendants. | 2:23-cv-07073<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Before the Court are the parties' correspondence concerning an anticipated motion by Plaintiff Rafael Montero ("Montero") to remand this personal injury lawsuit to the New York State Supreme Court in Suffolk County, ECF No. 6. For the reasons set forth below, Montero's motion to remand is deemed as having been made and is denied.

**PROCEDURAL HISTORY**

This case concerns a motor vehicle accident that occurred in Suffolk County, New York on September 27, 2022, and is alleged to have injured Montero. ECF No. 1-2 ¶¶ 30–36. Montero filed suit on August 14, 2023 in the Suffolk County Supreme Court bringing claims against Defendants Eric Dorce ("Dorce") and Western Express, Inc. ("Western Express" and collectively, "Defendants"). *See id.* Defendants filed a Verified Answer in state court on September 1, 2023. ECF No. 1-3. On September 14, 2023, Montero served on Defendants a Requirement for Judicial Intervention and Preliminary Conference, a Verified Bill of Particulars, responses to discovery, and a Response to Demand Pursuant to Section 3017(c) of the New York

Civil Practice Law & Rules (N.Y.C.P.L.R.) indicating that Montero seeks damages in the amount of $3,000,000. ECF No. 1-3; ECF No. 6 at 1. On September 22, 2023, Defendants filed a Notice of Removal to this Court. ECF No. 1. This case was first assigned to Judge Pamela Chen, who found subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) and provided that Montero had until October 22, 2023 to move to remand the case on the basis of any defect other than lack of subject matter jurisdiction. *See* Elec. Order, Sept. 27, 2023.[1]

On October 18, 2023, Montero filed a letter notifying this Court of its intention to file a motion to remand this matter to state court. Neither Montero's letter nor Defendants' response disputed that Defendants timely removed this action from state court to federal court. *See* ECF Nos. 6, 7. The Court scheduled a pre-motion conference to discuss the parties' positions on Montero's anticipated motion and specifically notified the parties that they should be prepared to raise all arguments related to Montero's anticipated motion. Specifically, the Court ordered: "Counsel should note that, in appropriate cases, the pre-motion letter, along with counsels' arguments at the pre-motion conference, may be construed, at the discretion of the Court, as the motion itself. Arguments not raised in the pre-motion letters or during the pre-motion conference shall be deemed waived." Elec. Order, Nov. 1, 2023 (citing *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)).

---

[1] After this case was reassigned to this Court's docket, the Court noted that the Verified Complaint did not identify Western Express Inc.'s principal place of business, which is necessary to determine whether diversity jurisdiction is proper. *See* Min. Entry, Nov. 8, 2023; *see also Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business."). The Court ordered Defendants to provide evidence of Western Express Inc.'s principal place of business, which was done on November 9, 2023. *See* ECF No. 9. This Court confirmed that it has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states: Montero is a citizen of New York, ECF No. 1-2 ¶ 1, and Defendant Western Express Inc. has provided the Affidavit of Clarence Easterday, ECF No. 9, affirming that it is incorporated and has its principal place of business in Tennessee. *See* Elec. Order, Nov. 13, 2023.

On November 8, 2023, the Court held the pre-motion conference and heard the parties' arguments concerning Montero's anticipated motion to remand. The Court inquired about the timeliness of Defendants' notice of removal, and Montero's counsel made clear that there was no dispute that Defendants' notice of removal complied with all requirements of the removal statute, 28 U.S.C. § 1446. Montero's counsel argued that the matter should be remanded because the action concerns issues of state law involving a motor vehicle accident that took place in Suffolk County and because the state court can provide a fair forum. Montero's counsel also argued for remand on the basis that Montero had already filed a Request for Judicial Intervention in state court. Montero's counsel accused Defendants of "forum shopping" and argued that it would further judicial economy for this action to be litigated in state court. These arguments rehearsed the points raised in Montero's letter requesting a pre-motion conference. *See* ECF No. 6. Defendants' counsel argued, both in their correspondence and at the pre-motion conference, that there was no legal basis for remand because Defendants had timely and properly removed the matter to federal court and because this Court has subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332(a). ECF No. 7; Min. Entry, Nov. 8, 2023.

At the conference, the Court noted that, based on the record, there are no procedural or substantive defects to Defendants' Notice of Removal and that the parties had not identified any legal authority for why the Court should abstain from exercising jurisdiction, such as by identifying an applicable abstention doctrine that would require or counsel against this Court's exercise of jurisdiction. Elec. Order, Nov. 8, 2023. The Court ordered the parties to supplement their arguments by letter and to provide caselaw supporting a remand in the situation where a case was properly filed in state court, the defendant timely removed the matter to federal court, and where the federal court had subject matter jurisdiction over the action. *Id*.

Montero provided a letter consisting of half a page of text pursuant to the Court's order for supplemental authority. *See* ECF No. 10. In the supplemental letter, Montero argues that "[o]ne purpose of enacting 28 U.S.C. § 1441 was to limit the volume of litigation removed to federal court" and that this Court has "discretion" to remand the matter because the parties' dispute arises from a "purely local matter" and Montero's claims and Defendants' affirmative defenses are brought under New York law. ECF No. 10. As support, Montero cites to *Union Planters National Bank v. CBS, Inc.*, 557 F.2d 84 (6th Cir. 1977), where the Sixth Circuit reversed a district court's decision not to remand an action removed from state court after the appellate court determined that there was no subject matter jurisdiction under 28 U.S.C. § 1332(a) due to lack of complete diversity of the parties. Montero's supplemental letter does not raise any additional legal arguments. Defendants did not submit any supplemental authority to the Court.

## DISCUSSION

It is within the Court's discretion to construe the parties' correspondence and arguments at the pre-motion conference as a fully briefed motion. *See In re Best Payphones, Inc.*, 450 F. App'x at 15 (finding that in light of the length and detail of the pre-motion conference letters and the lack of merit to the anticipated motion, the district court did not abuse its discretion in construing the parties' correspondence as a motion and denying the motion where the party "had the opportunity to make the arguments necessary to preserve its . . . motion for appellate review"); *see also Grossman v. GEICO Cas. Co.*, No. 21-2789, 2022 WL 1656593, at *4 (2d Cir. May 25, 2022) (upholding dismissal of a complaint where the district court converted the pre-motion letter into the motion without full briefing where plaintiffs had "failed to offer any

4

persuasive argument for why their claims should survive dismissal or why they were ultimately prejudiced by the district court's action.").

The Court deems Montero to have filed the motion to remand through the filing of a letter requesting a pre-motion conference on the anticipated motion, ECF No. 6, Montero's counsel's arguments during the November 8, 2023 pre-motion conference, and Montero's provision of a supplemental letter provided in response to the Court's direction for any additional legal authority or arguments supporting Montero's request for remand, ECF No. 10. Defendants opposed the motion through its correspondence, ECF No. 7, and argument at the conference. Notably, Montero's supplemental letter constituted of just one-half a page of text, although the Court encouraged the submission of a supplemental letter of up to three single-spaced pages providing any legal authority supporting remand, including citation to caselaw supporting remand when there is no dispute that the case was timely and properly removed to federal court under 28 U.S.C. § 1446 and where the federal court had diversity jurisdiction over the matter.

This Court has a "virtually unflagging obligation" to exercise the jurisdiction that Congress has conferred. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Under 28 U.S.C. § 1441(a), a civil action that is filed in state court, but which a federal district court would have original jurisdiction, may be removed to federal court in the district and division where the action is pending. Removal is generally proper under 28 U.S.C. § 1446(b) if the notice of removal is "filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Under 28 U.S.C. § 1446(b)(3), however, <u>if the case stated by the</u>

<u>initial pleading is not removable,</u> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper from which it may first be ascertained that the case is one which is or has become removable</u>." (Emphasis added). The notice of removal must be filed "in the district court and division within which such action is pending" and contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served on the defendant in the state court. *See id*. § 1446(a). When removal is solely under Section 1441(a), all defendants "who have been properly joined and served must join in or consent to the removal of the action." *Id*. § 1446(b)(2)(A). When a case is removed solely on the basis of diversity jurisdiction, the defendant cannot file a notice of removal "more than 1 year after the commencement of the action, unless the district court finds . . . that the plaintiff has acted in bad faith . . . ." *Id*. § 1446(c).

As noted earlier, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and finds that Defendants timely and properly removed this action from state court under 28 U.S.C. § 1446. The Verified Complaint filed on August 14, 2023, did not, on its face, state that Montero sought damages of more than $75,000—the amount-in-controversy requirement for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1-2 at 4–9. Defendants filed the Notice of Removal on September 22, 2023—more than thirty days after the filing of the Verified Complaint, but only about a week after Montero served on Defendants a Response to Demand Pursuant to C.P.L.R. § 3017(c), which was the first indication that Montero seeks $3,000,000 in damages. ECF No. 1-4. The Response to Demand set out an amount that meets the amount in controversy requirement for diversity jurisdiction in federal court. *Id.* Thus, the parties do not dispute that Defendants timely removed the action to

6

federal court, and this Court finds that removal was timely under 28 U.S.C. § 1446(b)(2)(C) and 28 U.S.C. § 1446(c). Additionally, the Notice of Removal is filed in the proper division of the Eastern District of New York where the state court action was pending and was accompanied by all process, pleadings, and orders served on Defendants in the state court. *See* ECF No. 1. Finally, all Defendants consent to removal of the action. *See id*. at 1.

Montero provides no legal authority for why this Court should abstain from exercising its jurisdiction over this action under the diversity jurisdiction statute. Montero's argument that remand is necessary to promote judicial economy and efficiency are unsupported by law. Montero provides no legal authority for the notion that the Court has discretion to remand a matter in which the plaintiff's claims and defendant's affirmative defenses are made under state law, but where the defendant properly and timely filed a notice of removal, and where the federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Montero's judicial economy argument is unpersuasive in light of Congress' decision to enact 28 U.S.C. § 1332(a), which provides federal courts with subject matter jurisdiction over cases involving purely state law issues when the parties are completely diverse and the amount in controversy is at least $75,000. Although Montero relies on *Union Planters*, 557 F.2d 84, that case is distinguishable, as this Court has confirmed that the parties are completely diverse and the amount in controversy requirement is met for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a). *See* ECF No. 10; Elec. Order, Nov. 13, 2023. Without any legal authority to justify remand, this Court cannot remand the matter to state court and must exercise its jurisdiction.

## CONCLUSION

For the reasons set forth above, Montero's Motion for Remand is denied.

Dated: Central Islip, New York

January 9, 2024

               _____/s Nusrat J. Choudhury_____
               NUSRAT J. CHOUDHURY
               United States District Judge